UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 3:11-cr-00053-RLY-WGH |
| | ) | |
| CHRISTOPHER SCOTT COWAN (05), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| | ) | |
| CATHERINE D. COWAN, | ) | |
| | ) | |
| Petitioner. | ) | |

**ENTRY ON UNITED STATES' MOTION TO DISMISS THIRD-PARTY PETITION**

In this ancillary proceeding, *pro se* third-party petitioner, Catherine D. Cowan, mother of Defendant Christopher Scott Cowan, seeks possession of several firearms forfeited in Defendant's criminal case. The United States of America moves to dismiss Ms. Cowan's third-party petition pursuant to Federal Rule of Criminal Procedure 32.2(c)(1)(A). Ms. Cowan did not respond to the Government's motion. For the reasons stated below, the Government's motion is **GRANTED**.

**I.    Background**

Defendant's criminal case arose during the course of a drug trafficking investigation. On November 14, 2011, pursuant to a federal search warrant, law enforcement searched Defendant's residence and seized a loaded Beretta handgun,

1

ammunition, controlled substances, and drug paraphernalia. (Filing No. 302 at 1). Two days later, officers searched the residence of Leonard Spankle where they seized an additional sixteen firearms. Officers found at least some of these firearms in a locked safe to which only Spankle and Defendant knew the combination. (*Id.* at 2).

On February 28, 2012, the grand jury returned a Second Superseding Indictment (Filing No. 114) charging Defendant, and others, with conspiracy to possess with intent to distribute 500 grams or more of a Schedule II controlled substance. It also gave Defendant notice of the Government's intent to pursue forfeiture of any firearm or ammunition connected to the offense pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). (*Id.* at 2–3). On April 8, 2014, Defendant entered a plea of guilty to one count of conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. (*See* Filing No. 287 ("Plea Agreement") at 1). Defendant also agreed to forfeit any and all right, title, and interest in the seventeen firearms seized by law enforcement during the investigation. (*Id.* at 3).

Pursuant to 21 U.S.C. § 853(n), the Government published notice of forfeiture and the procedures necessary for third-parties to claim a legal interest in the property. (Filing No. 302 at 5). Ms. Cowan timely filed her petition alleging that eleven of the seventeen firearms did not belong to Defendant but instead belonged to her grandson, David Cowan. (*See* Filing No. 301 at 1).

**II.      Discussion**

Section 853(n) provides that "any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity of his [or her] alleged interest in the property." 21 U.S.C. § 853(n)(2). The petition must comply with certain pleading requirements, as set forth in the statute:

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

*Id.* § 853(n)(3). When a third party files a petition under § 853(n), the court must conduct an ancillary proceeding whereby the court holds a hearing to determine whether the petitioner is entitled to relief. Fed. R. Crim. P. 32.2(c)(1). The court may forego a hearing and dismiss the petition, on motion, if it determines that the petitioner lacks standing, fails to state a claim, or for any other lawful reason. *United States v. Burge*, 829 F. Supp. 2d 664, 666 (C.D. Ill. 2011); Fed. R. Crim. P. 32.2(c)(1)(a).

The Government first argues for dismissal because Ms. Cowan failed to sign her petition under penalty of perjury as required under § 853(n). Because forfeiture proceedings invite a substantial risk of false claims, courts take this requirement seriously and do not treat it as a mere technicality. *See United States v. Owens*, No. 1:09-cr-0089-LJM-KPF, 2010 WL 583910, at *2 (S.D. Ind. Feb. 12, 2010) (citations omitted) (dismissing a third-party petition where petitioner failed to sign under penalty of perjury despite being advised of this requirement); *see also United States v. Klemme*, 894 F.

3

Supp. 2d 1113, 1116–17 (E.D. Wis. 2012) (holding the same).  The court notes that Ms. Cowan has proceeded *pro se*.  However, the Government's notice to Ms. Cowan set forth each requirement for a petition filed pursuant to § 853(n)(3).  (*See* Filing No. 302-2 at 1–2).  The court therefore cannot look past Ms. Cowan's failure to sign under penalty of perjury, especially when she had opportunity to respond to the Government's motion and cure this defect.

Nor does Ms. Cowan's petition sufficiently allege her rights or interest in the seized firearms.  For all but two of the firearms, Ms. Cowan alleges the following:

> One [make, model, and serial number] which was seized from Christopher Cowan on November 16, 2011 at 5524 Webster Lane, Owensboro, Kentucky.  This [gun type] was a gift to my grandson, David Cowen, from his friend who was a gunsmith.[1]

As the Government argues, this fails to set forth not only the nature and extent of David Cowan's interest in the property but also the time and circumstances of her acquisition of that interest.  *See* 21 U.S.C. § 853(n)(3).  Moreover, from the face of the petition, the court cannot determine whether Ms. Cowan has custody over or a power of attorney for David Cowan and therefore standing to petition on his behalf.  *See* Fed. R. Crim. P. 32.2(c)(1)(A); *Klemme*, 894 F. Supp. 2d at 1117 n.7 (noting that petitioner lacked standing where she failed to sufficiently allege her interest in the property).  None of the

---

[1] With respect to a Browning shotgun, Ms. Cowan alleges that it "belonged to [her] mother, Mrs. Doris Dutschke, and [Ms. Cowan] inherited the shotgun from [her] mother." (Filing No. 201 at 2).  Likewise, this does not set forth the nature and extent of David Cowan's interest in this firearm or why the gun was seized from a safe in Spankle's garage.  The court observes the same deficiency with respect to the Taurus Pistol, which David Cowan allegedly purchased himself.  (*See id.*).

allegations satisfy the requirements in § 853(n) and therefore the court must dismiss the petition.

## III. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss (Filing No. 302) is **GRANTED**. The court thus **DENIES** Ms. Cowan's petition (Filing No. 301).

**SO ORDERED** this 21st day of April 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Copy to:

Catherine D. Cowan
7313 State Highway 405
Maceo, KY 42355-9726